Benjamin D. Gilbert and Madeline Prentice Gilbert v. Commissioner.
Gilbert v. Commissioner
Docket No. 49422.
United States Tax Court
T.C. Memo 1958-8; 1958 Tax Ct. Memo LEXIS 227; 17 T.C.M. (CCH) 29; T.C.M. (RIA) 58008; January 23, 1958
*227 Fred R. Tansill, Esq., and Francis E. H. Davies, Esq., New York City, New York, for the petitioners. Nathan M. Silverstein, Esq., for the respondent. KERN Supplemental Memorandum Findings of Fact and Opinion KERN, Judge: This proceeding is now before us pursuant to a judgment of the United States Court of Appeals for the Second Circuit filed on September 26, 1957, wherein it is ordered that the case be "remanded in accordance with the opinion of this court." That opinion, filed the same day, is reported at 248 Fed. (2d) 399. We have studied carefully the opinion of Judge Medina, the concurring opinion of Judge Waterman, and the dissenting opinion of Judge Hand. Although Judge Medina's opinion recites that "The facts are fully stated in the findings and opinion of the Tax Court [15 TCM 688, T.C. Memo. 1956-137]," he says that "As we cannot tell from the record before us what was the principle, or what were the standards, applied by the Tax Court, we are remanding the case for further and more explicit findings," and later in his opinion he says: "The opinion of the Tax Court only states a conclusion without assigning the reasons therefor. *228 This makes it impossible for us to determine whether appropriate standards have been employed in reaching that conclusion." His opinion ends as follows: "Accordingly, the cause is remanded for proceedings consistent with this opinion." Judge Waterman, in his concurring opinion, says: "I concur in remanding this cause to the Tax Court for further proceedings. The opinion of the Tax Court does not state the ground upon which its decision rests. Therefore, affirmance or outright reversal by us would not be a review of the Tax Court's decision but an initial determination by us of the correctness of the deficiency assessed by the Commissioner." We are in some doubt as to what "proceedings consistent with this opinion" or what "further proceedings" are called for under the judgment of the Court of Appeals. The facts were fully developed at the trial of this case. What we said in our opinion as to one issue is true of all the issues herein: There was a "thorough and able presentation of testimony * * * by petitioners' counsel * * *." And Judge Medina, in his opinion, says that in our findings "The facts are fully stated * * *." Therefore, we cannot see that any useful purpose would *229 be served by setting this case down for further trial. Neither party hereto has requested such action on our part. Nor can we see that any further findings of evidentiary facts are required by us. As we construe the judgment and opinions of the Court of Appeals, it is proper for us, in our attempt to comply with that judgment, to make certain specific findings of ultimate facts, as distinguished from findings of evidentiary facts. Accordingly, and based upon the findings of evidentiary facts heretofore made by us and the entire record herein, we make the following additional findings: 1. At the time of the organization of Gilbor, Inc., and thereafter petitioners and Borden anticipated and understood that the funds received by Gilbor, Inc., upon the issuance of its capital stock would not be sufficient to finance the conduct of its business. 2. No outside investor would have made the necessary advances of funds to Gilbor, Inc., without adequate security, which security Gilbor, Inc., was itself unable to provide. 3. It was at that time understood and agreed between petitioners and Borden that they would make the advances to Gilbor, Inc., necessary to the conduct of its business *230 (or furnish collateral to it), and that these advances would be made by Borden and by petitioners in proportions which were substantially equivalent to the proportion of the stock of Gilbor, Inc., owned by Borden and of the stock owned by Benjamin Gilbert. The advances were made in such proportion. 4. The advances made by petitioner Benjamin Gilbert to Gilbor, Inc., were made by him without regard to the normal creditor safeguards. 5. Petitioner Benjamin Gilbert made no efforts to enforce the obligations evidencing the advances made by him to Gilbor, Inc. 6. At the time the advances here in question were made to Gilbor, Inc., by Benjamin Gilbert, it was not reasonable to expect that they would be repaid unless the business ventures of Gilbor, Inc., should prove to be successful. 7. As a matter of substantial economic reality, the advances to Gilbor, Inc., made by Benjamin Gilbert were placed at the risk of the business of Gilbor, Inc., and constituted risk capital. Because of these specific findings of ultimate facts, we conclude that the advances made by petitioner Benjamin Gilbert to Gilbor, Inc., involved in this proceeding, did not give rise to debts as that term is used *231 in section 23(k), Internal Revenue Code of 1939. We do not reach that conclusion because of any "secret agreement" between the parties. A close reading of the opinion of the Court of Appeals, which accompanied its judgment herein, suggests that we may have erred, in that Court's opinion, in allowing deductions on account of nonbusiness bad debts by petitioner Madeline Gilbert. As is indicated by our prior opinion herein, we had grave doubts as to this issue. However, the judgment of the Court of Appeals does not appear to call for any action on our part with regard to that issue, and we consider it advisable for us to limit our present action herein to an attempt on our part to comply with the judgment of that Court, since neither party has requested us to reconsider our decision insofar as it relates to petitioner Madeline Gilbert. We have no doubt as to the correctness of our conclusion with regard to the advances made by petitioner Benjamin Gilbert. We have the temerity to hope that we have adequately assigned the reasons for that conclusion, and have thus complied with the judgment of the Court of Appeals. Decision will again be entered herein that there is a deficiency *232 in petitioners' income tax for the year ended December 31, 1948, in the amount of $48,518.65.